UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSIRANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 7:17-CV-159-REW-EBA |
| v. | ) ) ) | ORDER |
| MASONRY BUILDER'S OF KY, INC., et al., | ) ) | |
| Defendants. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff originally sought relief under theories of contractual indemnity (*i.e.*, breach of the parties' General Indemnity Agreement (GIA)), common law indemnity, and bad faith. DE #1 (Complaint). The parties briefed only the contractual issue, and the Court granted Plaintiff summary judgment on that count; the Court found Plaintiff entitled to recovery of the full amount requested, as contemplated in the GIA, as well as reasonable and necessary attorneys' fees.[1] DE #26. The Court views the contractual and common law identity theories as alternative avenues to recovery of the same total sought sum, and, thus, perceives the common law indemnity claim as moot given the Court's summary judgment ruling.

The Court **CANCELS** the currently-set pretrial conference and **VACATES** the current trial date (*see* DE #12). Instead, the Court **ORDERS** Plaintiff to file a status report **within thirty**

---

[1] The Court withheld a final determination as to a proper attorneys' fee sum, and Plaintiff subsequently submitted supplemental itemization of fees incurred. DE #27. The Court has thoroughly and carefully reviewed the detailed itemized entries and fee calculations Plaintiff provided, and an Order awarding the (unopposed) sought fees is forthcoming.

1

**days**, stating whether it intends to pursue the remaining bad faith claim, and, if it does, whether it still seeks a trial by jury (*see* DE #12 ¶ 6).

This the 6th day of May, 2019.

Signed By:
*Robert E. Wier*
United States District Judge